AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

| | |
|---|---|
| Elizabeth Keller, Personal Representative of the Estate of Andrea Suzanne Armstead, deceased ⟩ ⟩ ⟩ ⟩ | |
| _Plaintiff(s)_ ⟩ | |
| v. ⟩ | Civil Action No. |
| Kalamazoo County Sheriff's Office - Jail Division, Ron Tharge, RN, Conrad Bitely, RN and Michael Bierman, RN ⟩ ⟩ ⟩ ⟩ | |
| _Defendant(s)_ ⟩ | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Kalamazoo County Sheriff's Office - Jail Division, c/o Thomas Shull, Captain, 1500 Lamont Avenue, Kalamazoo, MI 49048

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Daniel J. Harris (P58279), Law Offices of Daniel J. Harris, PC, 410 Petoskey Street, Petoskey, MI 49770

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

| | |
|---|---|
| Elizabeth Keller, Personal Representative of the Estate of Andrea Suzanne Armstead, deceased _____ *Plaintiff(s)* v. Kalamazoo County Sheriff's Office - Jail Division, Ron Tharge, RN, Conrad Bitely, RN and Michael Bierman, RN _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Ron Tharge, RN, 277 19th Street, Otsego, MI 49078

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Daniel J. Harris (P58279), Law Offices of Daniel J. Harris, PC, 410 Petoskey Street, Petoskey, MI 49770

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

| | |
|---|---|
| Elizabeth Keller, Personal Representative of the Estate of Andrea Suzanne Armstead, deceased <br><br> *Plaintiff(s)* <br><br> v. <br><br> Kalamazoo County Sheriff's Office - Jail Division, Ron Tharge, RN, Conrad Bitely, RN and Michael Bierman, RN <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) )     Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Conrad Bitely, RN, 11492 42nd Street, Scotts, MI 49088

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Daniel J. Harris (P58279), Law Offices of Daniel J. Harris, PC, 410 Petoskey Street, Petoskey, MI 49770

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

| | | |
|---|---|---|
| Elizabeth Keller, Personal Representative of the Estate of Andrea Suzanne Armstead, deceased | ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Kalamazoo County Sheriff's Office - Jail Division, Ron Tharge, RN, Conrad Bitely, RN and Michael Bierman, RN | ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Michael Bierman, RN, 3269 Rambling Brook Road, Muskegon, MI 49444

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Daniel J. Harris (P58279), Law Offices of Daniel J. Harris, PC, 410 Petoskey Street, Petoskey, MI 49770

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                 *Server's signature*

                                        _____
                                                 *Printed name and title*


                                        _____
                                                 *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH KELLER, as Personal
Representative of the Estate of
Andrea Suzanne Armstead, deceased                File No:

      Plaintiff,                                                Hon.

v

KALAMAZOO COUNTY SHERIFF'S OFFICE,
JAIL DIVISION, RON THARGE, RN, CONRAD
BITELY, RN, MICHAEL BIERMAN, RN,

      Defendants.

_____

| | |
|---|---|
| Law Offices of Daniel J. Harris, PC | Fieger, Fieger, Kenney, Giroux & Danzig, PC |
| DANIEL J. HARRIS (P58279) | GEOFFREY N. FIEGER (P30441) |
| Co-Counsel for Plaintiff | JEFFREY A. DANZIG (P36571) |
| 410 Petoskey Street | Co-Counsel for Plaintiff |
| Petoskey, MI 49770 | 19390 W. 10 Mile Road |
| (231) 347-4444 | Southfield, MI 48075 |
| | (248) 355-5555 |

_____

## COMPLAINT AND JURY DEMAND

      Plaintiff, Elizabeth Keller, as Personal Representative of the Estate of Andrea Suzanne

Armstead, deceased, by and through her attorneys, the Law Offices of Daniel J. Harris, PC and

Fieger, Fieger, Kenney, Giroux & Danzig, PC, states as follows for her Complaint:

      1.     Plaintiff, Elizabeth Keller, is the Personal Representative of the Estate of Andrea

           Suzanne Armstead, deceased, who at all relevant times, was a citizen of the

           United States and resident of Kalamazoo County Sheriff's Office, Jail Division, in

           the County of Kalamazoo, State of Michigan.

2.  Defendant Ron Tharge, RN, upon information and belief, is a resident of the county of Kalamazoo, State of Michigan, and was at all relevant times, employed by the Kalamazoo County Sheriff's Office, Jail Division.

3.  Defendant Conrad Bitely, RN, upon information and belief, is a resident of the county of Kalamazoo, State of Michigan, and was at all relevant times, employed by the Kalamazoo County Sheriff's Office, Jail Division.

4.  Defendant Michael Bierma, RN, upon information and belief, is a resident of the county of Kalamazoo, State of Michigan, and was at all relevant times, employed by the Kalamazoo County Sheriff's Office, Jail Division.

5.  The above-named defendants were employees, agents and/or representatives of the Kalamazoo County Sheriff's Office, Jail Division, and in the course and scope of their employment, agency or representation of the said department and/or entity, performed duties and responsibilities as correctional facility persons acting pursuant to and under color of state law.

6.  All defendants are being sued in their individual capacities.

7.  The acts set forth in this Complaint arise under Section 1 of the Civil Rights Act of 1871, 17 stat. 13, 42 U.S.C. § 1983 in the 8th and 14th Amendments to the United States Constitution, unless the cause of action indicates that it arises under the laws of the State of Michigan, in which case the court has supplemental or pendent jurisdiction.

8.  The amount in controversy exceeds $75,000 exclusive of interest, costs, and fees.

## COMMON ALLEGATIONS

9.  Plaintiff hereby restates and realleges the allegations contained in paragraphs 1-8 above, as though fully set forth herein.

10. On or about October 30, 2011, Ms. Armstead was arrested by the Calhoun County Sheriff's Department on outstanding warrants. She was subsequently transferred to the custody and control of the Kalamazoo County Sheriff's Department on October 30, 2011, at approximately 3:52 p.m.

11. At the time of her transfer to the Kalamazoo County Jail on October 30, 2011, Ms. Armstead advised the officer that she was detoxing from heroin use, requested help for her symptoms, and was exhibiting withdrawal symptoms.

12. On or about October 30, 2011, Ms. Armstead advised Deputy DiPietro that she needed to see the nurse on duty at the Kalamazoo County Sheriff's Department due to her stomach being upset, vomiting and experiencing symptoms of withdrawal.

13. On October 30, 2011, Ms. Armstead was given a single dose of Pepto Bismol in response to her request for medical attention for heroin withdrawal.

14. On or about October 31, 2011, Ms. Armstead was classified into the resident population at the Kalamazoo County Jail.

15. On this date, Ms. Armstead advised Officer Barts of her personal information, that she had used heroin two days prior and that she was going through active withdrawal.

16. On October 31, 2011, Officer Barts informed Ms. Armstead that he would duly advise the nursing staff about her heroin withdrawals.

17.     On October 31, 2011, Officer Barts did so information Defendant Conrad Bitely, RN, of Ms. Armstead's active heroin withdrawals.     In turn, Nurse Bitely informed Officer Barts that Ms. Armstead had already received a dose of Pepto Bismol.

18.     From October 30, 2011 through the early morning of November 2, 2011, Ms. Armstead's physical condition was that of severe symptoms from heroin withdrawal including vomiting, dehydrated, sweating profusely, lethargic and lacked strength.     She continued to experience severe abdominal cramping and distress.

19.     Also during this period of time, she was unable to drink water or ingest other liquids, and was unable to eat or otherwise ingest any form of nourishment.

20.     From October 30, 2011 through November 2, 2011, numerous kites were authored by her and her cellmates requesting medical attention/nursing assistance for Ms. Armstead.

21.     All such requests were ignored or refused during her stay at the Kalamazoo County Jail, other than servings of Pepto Bismol.

22.     From the period of October 30, 2011 through November 2, 2011, Ms. Armstead was not referred to and/or seen for an interpersonal face-to-face physical and/or medical examination to assess her medical condition.

23.     During this time period, the nursing staff at the Kalamazoo County Jail did not perform any nursing assessment, and no signs or symptoms of opiate withdrawal syndrome were noted, and no assistance was rendered.

24. No check of Ms. Armstead's blood pressure, pulse, heart rate, assessment of skin, assessment of her degree of agitation, restlessness, hyper-alertness or somnolescence were performed.

25. No determination as to the nature and/or extent of Ms. Armstead's nausea, vomiting, cramping, diarrhea was made.

26. No determination of Ms. Armstead's orientation was performed. No attempt to determine additional information regarding the nature and extent of her opiate withdrawal syndrome was attempted.

27. Ms. Armstead's symptoms were severe and obvious to her cellmates, the nursing staff, and other staff at the jail.

28. No attempt was made to determine if Ms. Armstead was a candidate for treatment with the Alpha-2 Adrenergic Agonist, Clonodine, as recommended by jail policy for moderate to severe withdrawal syndrome.

29. In the early hours of November 2, 2011, Ms. Armstead's condition deteriorated to the point of emergency.

30. Ms. Armstead continued to vomit and was extremely hot and sweating profusely. She was dehydrated and curled up in the fetal position, rocking herself repeatedly from severe abdominal cramping. She was shaking and convulsing, and was unable to get up off the cell floor on her own power. All of these symptoms were evident and obvious to all persons who made contact with her.

31. At 5:45 a.m. in the morning on November 2, 2011, Ms. Armstead attempted to drink water at the urging of her cellmates. She collapsed to her knees, unable to

stand, vomiting a brown watery liquid.   She was shaking and convulsing uncontrollably with seizure-like activity.

32.     Ms. Armstead became unresponsive at this time, and her cellmates pushed the panic button.

33.     The nursing staff at the Kalamazoo County Jail responded to the pushing of the panic button.  Ms. Armstead remained unresponsive and vomited one last time. An ambulance was called to the jail at the request of Nurse Bierema.

34.     Nurse Bierema left Ms. Armstead on the cell floor to consult jail protocol and policy relative to heroin withdrawal and the treatment thereof.

35.     Some time later, Nurse Bierema returned to find Ms. Armstead with no pulse and no blood pressure.  CPR was initiated.

36.     By 6:15 a.m. on November 2, 2011, after being shocked numerous times in an attempt to restart her heart, Ms. Armstead was in full arrest.

37.     By 6:49 a.m., she was on her way to Bronson Methodist Hospital where she remained on life support until doctors prevailed upon her family to pull the plug due to brain death.

38.     Ms. Armstead died when she was unplugged from life support systems on November 8, 2011, at Bronson Methodist Hospital.

39.     At all times relevant, Defendants completely failed to obtain the necessary help and/or treatment for Ms. Armstead.

40.     At all times relevant, decedent Andrea Armstead could have been and should have been provided with the treatment necessary to preserve her life.

41.     Defendants' conduct was and remains extreme and outrageous subjecting Defendants to punitive damages.

## COUNT I

### VIOLATION OF 42 U.S.C. § 1983 AND THE 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION

42.     Plaintiff restates and realleges the allegations contained in paragraphs 1-41 as though fully set forth herein.

43.     As a citizen of the United States and a resident of the Kalamazoo County Jail located in the State of Michigan, the Decedent was entitled to all rights, privileges, and immunities accorded to all incarcerated citizens of the State of Michigan and of the United States.

44.     At all times relevant, all Defendants were acting within the course and scope of their employment with the State of Michigan and the Kalamazoo County Jail and were acting under color of state law with the authority granted to them as corrections officers or correctional health care providers and/or managers and/or shift supervisors.

45.     At all times relevant, pursuant to the 8th Amendment of the United States Constitution, the Decedent had a right to be free from cruel and unusual punishment while incarcerated and under the custody and control of the State of Michigan at the Kalamazoo County Jail.

46.     At all times relevant, the Decedent had a right to adequate and sufficient medical care and/or treatment such that her life would be preserved and she at all times would be free from needless unjustified and preventable pain, suffering, and deterioration of her health and well-being.

47.     At all times, Defendants with malice, recklessness and/or deliberate indifference kept the Decedent housed or located in a cell without adequate fluids or nutrition, and without adequate medical attention all of which combined in whole or in part to cause pain, suffering, deterioration of health, brain hemorrhage, and ultimately death of the Decedent, all of which too place over the course of several days.

48.     On or about October 30, 2011 through November 2, 2011, Decedent's health and well-being were obviously in a state of extreme distress as a result of the lack of medical attention and adequate medical care the Decedent was forced to endure. The symptoms were in the form of vomiting, seizure-like activity, profuse sweating, abdominal cramping, weakness, fatigue, confusion, all of which should have been and were apparent and/or obvious to the casual observer.

49.     Between the time of October 30, 2011 and the time of Decedent's full arrest on November 2, 2011, Decedent was experiencing a medical emergency brought on by the conditions identified above. The medical emergency manifested itself in the form of sweating, nausea, vomiting, fatigue, weakness, diminished mental capacity, and numerous requests for medical attention by the Decedent and her cellmates.

50.     During the time of incarceration, the various Defendants, pursuant to the 8th Amendment, were required to provide and/or obtain adequate medical care for the Decedent, including, but not limited to, fluid intake, nourishment, cardiac monitoring, medication to combat opiate withdrawal syndrome, and/or hospitalization. To the contrary, however, the various Defendants with malice,

recklessness and/or deliberate indifference failed to provide or obtain care and/or treatment that was needed to save the Decedent's life.

51.     The actions and/or omissions of the various Defendants constitute a deliberate indifference to the serious medical needs of the Decedent and demonstrate a reckless, willful and/or wanton disregard for the health and safety of the Decedent thereby denying her the constitutional right to be free from cruel and unusual punishment as provided by the 8th Amendment to the United States Constitution.

52.     As a direct and proximate result of the actions and/or omissions of the various Defendants, Plaintiff's Decedent suffered great physical pain, discomfort, loss of mental capacity, humiliation, degradation and suffering.

53.     The various Defendants' conduct in this matter was outrageous and extreme as alleged herein.

54.     As a direct and proximate result of the actions and/or omissions of the various Defendants, Plaintiff's Decedent died of full cardiac arrest due to opiate withdrawal syndrome and the effects thereof, including, but not limited to, brain hemorrhage.

55.     As a direct and proximate result of the acts and/or omissions of the various Defendants, Plaintiff has sustained and is entitled to compensation for conscious pain and suffering of the Deceased, funeral, burial, and economic costs and/or damages, loss of support, loss of gifts and gratuities and loss of love, society and companionship.

56.     By the aforementioned actions and/or omissions, Defendants have deprived Plaintiff's Decedent of the rights secured by the 8th Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

57.     Defendants' conduct was and remains extreme and outrageous subjecting Defendants to punitive damages.

WHEREFORE, Plaintiff requests the following relief:

    a.     Compensatory non-economic and economic damages in excess of $75,000.00 including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. § 1983 and/or the laws of the State of Michigan including, but not limited to the Michigan Wrongful Death Act;

    b.     Punitive damages;

    c.     Reasonable attorney fees, costs and interest; and

    d.     Such other and further relief as appears reasonable and just under the circumstance.

## COUNT II

## GROSS NEGLIGENCE AND/OR BATTERY AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 57 as though fully set forth herein.

59.     At all times relevant, Decedent Andrea Armstead was incarcerated at the Kalamazoo County Jail, and at all times, Defendants were acting and/or interacting with the Decedent within the scope of their employment as employees or agents of the State of Michigan, at the Kalamazoo County Jail.

60.     At all times relevant, as a result of the Michigan Constitution and/or Michigan statutes and/or Michigan common law and/or the special relationship that existed

between the Decedent and the Defendants, Defendants had a duty to provide adequate medical care and/or treatment to the Decedent and to act within ordinary care for the safety of Decedent.

61. Defendants breached their duty and more, acted with recklessness, willful and wantonness and with deliberate indifference as to whether harm would result by keeping the Decedent in a cell or holding area given her worsening medical condition without adequate fluids, nutrition, and medical care, all of which, in whole or in part, caused serious harm and then death to the Decedent.

62. In addition to the aforementioned actions and/or omissions, the various Defendants acted in an extreme and outrageous manner with reckless disregard as to whether injury would result by failing to provide Decedent with necessary medical care and attention.

63. The acts and/or omissions and/or conduct of Defendants as alleged in the above-stated cause of actions constitute gross negligence and/or battery and/or intentional infliction of emotional distress under the laws of the State of Michigan and this Court has pendent (supplemental) jurisdiction to hear and adjudicate said claims.

64. As a direct and proximate result of the gross negligence of Defendants and/or battery of Decedent by Defendants and/or intentional acts or omissions by Defendants, Plaintiff's Decedent and Plaintiff have suffered conscious pain and suffering, economic damages (past, present and future), loss of support and loss of love, society and companionship.

65.     Defendants' conduct was and remains extreme and outrageous subjecting

Defendants to punitive damages.

WHEREFORE, Plaintiff requests that this Court enter a judgment in favor of Plaintiff

against Defendants providing the following relief:

a.      Compensatory non-economic and economic damages in excess of $75,000.00 including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. § 1983 and/or the laws of the State of Michigan including, but not limited to the Michigan Wrongful Death Act;

b.      Punitive damages;

c.      Reasonable attorney fees, costs and interest; and

d.      Such other and further relief as appears reasonable and just under the circumstance.

Dated: August 10, 2012

Law Offices of Daniel J. Harris PC
Daniel J. Harris (P58279)
410 Petoskey Street
Petoskey, MI 49770
(231) 347-4444

Fieger, Fieger, Kenney, Giroux & Danzig, PC
Geoffrey N. Fieger (P30441)
Jeffrey A. Danzig (P36571)
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555

## JURY DEMAND

NOW COMES the Plaintiff, Elizabeth Keller, as Personal Representative of the Estate of

Andrea Suzanne Armstead, deceased, and hereby demands a jury trial in this matter.

Dated: _August 10_, 2012

Law Offices of Daniel J. Harris PC
Daniel J. Harris (P58279)
410 Petoskey Street
Petoskey, MI 49770
(231) 347-4444

Fieger, Fieger, Kenney, Giroux & Danzig, PC
Geoffrey N. Fieger (P30441)
Jeffrey A. Danzig (P36571)
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555